UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ERROL DYER and FAY DYER, Husband and Wife,<br><br>Plaintiffs,<br><br>v.<br><br>GREGORY "JACQUES" STANISLAUS, BANK OF AMERICA, N.A., SEBASTIAN BRONIARCZYK, JOHN DOES 1-10, AND ABC CORPS. 1-10,<br><br>Defendants. | Civil Action No. 13-738 (ES)<br><br>**OPINION** |

**SALAS, DISTRICT JUDGE**

This matter comes before the Court on Defendant Bank of America, N.A.'s ("BANA") Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6). (D.E. No. 20). The Court has considered the parties' submissions in support of and opposition to the instant motion, and decides the matter without oral argument pursuant to Fed. R. Civ. P. 78(b). For the reasons set forth below, Defendant's Motion to Dismiss is GRANTED.

**I.    Factual and Procedural Background**

On February 6, 2013, Plaintiffs Errol and Fay Dyer ("Mr. Dyer" or "Mrs. Dyer", or collectively "Plaintiffs") filed this complaint against Defendants Gregory "Jacques" Stanislaus, Sebastian Broniarczyk, and BANA. (Compl. ¶ 1). Plaintiffs are an elderly couple who reside in Glen Ridge, New Jersey. (*Id.* ¶ 2). Stanislaus is Plaintiffs' step-grandson, and a real estate investor.

While Plaintiffs allege a total of nine Counts, only two of the nine counts concern BANA: (1) Count Six (negligence) and (2) Count Seven (Fair Debt Collection Practices Act

1

violation). (*Id.* ¶¶ 60-68). The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a) because the parties have complete diversity of citizenship and the amount in controversy exceeds $75,000.

In June 2008, Mr. Dyer met with Stanislaus in West Orange, New Jersey. (*Id.* ¶ 18). At that meeting, Mr. Dyer signed an application form for a home equity loan. (*Id.* ¶¶ 19-22). After meeting with Mr. Dyer, Stanislaus opened a "home equity line of credit." (*Id.* ¶ 29). About one week after Stanislaus and Mr. Dyer's meeting, Mr. Dyer was notified "that the application was approved." (*Id.* ¶ 23).

In July 2012, Defendant BANA called Mr. Dyer to ask about unmade payments to a home equity loan. (*Id.* ¶ 27-28). However, Mr. Dyer told BANA that he did not owe any money and did not know "what [BANA] was talking about." (*Id.* ¶ 28). Mr. Dyer discovered that "Stanislaus opened [a] home equity line of credit" and subsequently drew approximately $250,000.00 from the home equity line of credit. (*Id.* ¶¶ 29-30). Since Plaintiffs believe that "M[r]s. Dyer's signature was forged and illegally notarized on the . . . loan documents," Plaintiffs "procured copies of all the [drawn] checks" and initiated this suit against BANA. (*Id.* ¶¶ 1, 30). Plaintiffs allege that (1) BANA "negligently negotiated" the checks drawn on Plaintiffs' home equity line of credit; and (2) BANA is "currently dunning Plaintiffs" even after Plaintiffs' counsel sent BANA written Fair Debt Collection Practices Act warnings. (*Id.* ¶¶ 31, 34). In lieu of an answer, BANA filed the instant motion to dismiss. (D.E. No. 20-1, Bank of America's Memorandum in Support of Motion to Dismiss Plaintiffs' Complaint ("MTD")).

## II. Standard of Review

Fed. R. Civ. P. 8(a)(2) requires a complaint to set forth "a short and plain statement of the claim showing that a pleader is entitled to relief." The pleading standard announced by Rule 8

2

does not require detailed factual allegations; however, it does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted). In addition, the plaintiff's short and plain statement of the claim must "give the defendants fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (internal citation omitted).

For a complaint to survive dismissal, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

In evaluating the sufficiency of a complaint, a court must accept all well-pleaded factual allegations contained in the complaint as true and draw all reasonable inferences in favor of the non-moving party. *See Phillips v. Cnty. Of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008). But, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," and "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

Furthermore, a district court deciding a motion to dismiss generally does not consider materials beyond the pleadings. *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997). "[When] deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached [thereto], matters of the public record, as well as undisputedly

authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2011). "[A]n exception to the general rule is that a document *integral to or explicitly relied* upon in the complaint may be considered without converting the motion [to dismiss] into one for summary judgment." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d at 1426 (emphasis in original) (citation omitted and internal quotation marks omitted). "Otherwise, a plaintiff with a legally deficient claim could survive a motion to dismiss simply by failing to attach a dispositive document on which it relied." *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993).

### III. Analysis

#### A. Count Six: Negligence

BANA seeks dismissal of Plaintiffs' negligence claim on two grounds. First, BANA argues it does not owe a duty to Plaintiffs. (MTD at 3-4). And second, the economic loss doctrine bars Plaintiffs' negligence claim. (*Id.* at 4).

To state a claim for negligence, Plaintiffs must show (1) that Defendant owed Plaintiffs a duty, (2) that Defendant breached that duty, (3) that the Plaintiffs incurred resulting injury, and (4) that the resulting injury was a foreseeable and proximate cause of that breach. *Anderson v. Sammy Redd & Assocs.*, 650 A.2d 376, 379 (N.J. App. Div. 1994).

##### i. Sufficiency of Pleading

Defendant argues that Plaintiffs' negligence claim should be dismissed because it is wholly conclusory. (MTD at 4). Defendant also contends that consistent with New Jersey law, BANA does not owe a legal duty to Plaintiff borrowers. (*Id.* at 4 *citing Galayda v. Wachovia Mortg.*, No. 10-1065, 2010 WL 5392743, at *13 (D.N.J. Dec. 22, 2010) (internal citation omitted)).

In opposition, Plaintiffs point to portions of the Complaint in which they allegedly plead "duty": (1) BANA "originated a mortgage with no witnesses signing the document, and glaringly, an undated notarization from a New York notary public in Essex County, New Jersey"; and (2) "[BANA] also negotiated checks with forged signatures and improper endorsements." (D.E. No. 22, Brief in Opposition to Defendant's Motion to Dismiss Plaintiffs' Complaint ("Op.") at 9-10). Neither of these portions of the Complaint speak to the duty BANA owed to Plaintiffs.[2]

In the Complaint, Plaintiffs merely state that "Defendant Bank of America, N.A., had a duty to the Plaintiffs." (Compl. ¶ 61). This is nothing more than "a formulaic recitation" of the duty element of negligence. *See Ashcroft*, 556 U.S. at 678 (internal citations and quotations omitted). This Court has found such a formulaic recitation to be inadequate in light of a motion to dismiss. *See Graddy v. Deutsche Bank Trust Co. Americas as Tr.,* No. 11-3038, 2012 WL 762246, at *3 (D.N.J. Mar. 6, 2012) ("Merely declaring [a bank] had an obligation to investigate Plaintiffs' financial situation is insufficient to survive a motion to dismiss where Plaintiffs have also failed to supply any facts or law supporting their claim.") (internal citations omitted).

A sufficient pleading of negligence must show both that BANA owed Plaintiffs a duty, "the observance of which would have averted or avoided the injury," and that BANA failed to observe that duty. *See id.* (internal citations omitted). However, Plaintiffs misconstrue the distinct elements and consolidate both into a single element. (Op. at 9-10). Plaintiffs do not show BANA's specific obligation to Plaintiffs. Instead, Plaintiffs merely reiterate BANA's

---

[2] In opposition to the instant motion, Plaintiffs cite to N.J.S.A. 12A:4-406 in support of their duty argument, (Op. at 10-11), but the Court is concerned only with what is alleged in the operative complaint at the motion to dismiss stage. *See In re Burlington Coat Factory Sec. Litig.,* 114 F.3d 1410, 1424-25 (3d Cir. 1997). *See also Arbitraje Casa de Cambio, S.A. v. U.S. Postal Serv.,* 297 F.Supp.2d 165, 170 (D.D.C.2003) ("It is axiomatic that a complaint may not be amended by the briefs in opposition to a motion to dismiss.") (citations omitted).

alleged wrongful conduct. (*Id.*). Thus, Plaintiffs fail to properly plead the element of duty required for a negligence claim.

As such, Count Six against BANA is too conclusory to survive and is accordingly dismissed without prejudice. *See Twombly*, 550 U.S. at 555 ("[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.").

ii. **Economic Loss Doctrine**

Alternatively, BANA argues that Plaintiffs' negligence claim is barred by the economic loss doctrine. The economic loss doctrine bars negligence claims "aris[ing] from a contractual relationship unless the breaching party owes an independent duty imposed by law." *Saltiel v. GSI Consultants, Inc.*, 788 A.2d 268, 280 (N.J. 2002). As such, "a plaintiff who ha[s] a contractual relationship with the defendant [is] able to sue in tort if the plaintiff could establish that the alleged breach of duty constitute[s] a separate and independent tort." *Id.* at 276 (internal citation and quotation marks omitted). However, if the plaintiff fails to "establish an independent duty of care" separate from the contract, the plaintiff is barred from asserting a negligence claim. *Id.* at 278.

In light of the Court's dismissal without prejudice on pleading grounds, the Court cannot adequately assess whether an independent duty of care is properly alleged. The Court awaits Plaintiffs' curative amendments before making a final determination on the applicability of the economic loss doctrine and its central duty component.[3]

---

[3] Defendants also raise a statute of limitations argument in reply to Plaintiffs' opposition to the instant motion. (D.E. No. 25). However, this is a new argument to which Plaintiffs were never put on notice, nor given an opportunity to address. Such arguments are not to be considered by the Court. *See Bayer AG v. Schein Pharm., Inc.,* 129 F. Supp. 2d 705, 716 (D.N.J. 2001). The Court will revisit the statute of limitations issue if and when Plaintiffs file a curative amendment to the Complaint and Defendants raise the issue in their renewed motion to dismiss moving brief.

### B. Count Seven: Fair Debt Collection Practices Act Claim ("FDCPA")

BANA argues that Plaintiffs' FDCPA claim should be dismissed because BANA "is not a debt collector and thus is exempt from regulation under the FDCPA." (MTD at 1, 5). Plaintiffs allege that: (1) BANA "is a creditor and debt collector pursuant to the FDCPA, 15 U.S.C. § 1601 et seq." (Compl. ¶ 65); and (2) BANA is dunning Plaintiffs and continues to dun Plaintiffs after sending BANA notice that the debt was disputed. (*Id.* ¶¶ 66-68).

Under 15 U.S.C. § 1692e, the FDCPA prohibits "[a] debt collector" from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. A debt collector is "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6).

However, 15 U.S.C. § 1692a(6) lists certain categories of persons that are exempt from the definition of debt collector. 15 U.S.C. § 1692a(6)(A)-(F). Within these categories, exempt is "any person collecting or attempting to collect any debt owed or due another to the extent such activity . . . concerns a debt which was originated by such person." 15 U.S.C. § 1692a(6)(F)(ii).

Thus, the FDCPA excludes originators from the definition of "debt collectors." 15 U.S.C. § 1692a(6)(F). Here, Plaintiffs' Complaint explicitly identifies BANA as an originator of the mortgage. (*See* Compl. ¶ 62 (BANA "originat[ed] a home equity loan.")). Further, the mortgage at issue provides clear proof that BANA is the originating lender. (Compl., Ex. A).

However, Plaintiffs contend that BANA does not fall within the exemption status of an originator because "the loan was originated with the forged signatures of Plaintiffs . . . and an improper notarization." (Op. at 12). But nothing in the FDCPA or case law speaks to the

method of origination in determining an originator's status. To the contrary, this Court clarified that the purpose of the FDCPA was to regulate debt collectors with a "third-party" status, rather than "the initial lender or originator of the debt." *Chulsky v. Hudson Law Offices, P.C.*, 777 F. Supp. 2d 823, 836 (D.N.J. 2011). Thus, the alleged forgery and improper notarization of the originating loan has no bearing on BANA's exempt status.

Plaintiffs further allege that even if BANA is an initial lender, BANA also collects debts on behalf of third-parties. (Op. at 13). However, the FDCPA distinguishes between the creditor that "initially extends credit creating the debt," and a debt collector that collects debt owed to a third-party. *Chulsky*, 777 F. Supp. 2d. at 837 (internal citations omitted). *See generally* 15 U.S.C. § 1692a(4), (6). Moreover, the Third Circuit has held that the status of an initial creditor and the status of a debt collector "are mutually exclusive." *FTC v. Check Investors, Inc.*, 502 F.3d 159, 173 (3d Cir. 2007). In determining "if one is a 'creditor' or a 'debt collector,' courts have focused on the status of the debt at the time it was acquired." *Id.* Here, the debt was issued by BANA and acquired by Plaintiffs via mortgage. As such, BANA is an originating creditor as it relates to Plaintiffs.

Thus, the Court is not persuaded by Plaintiffs' argument that because BANA can have multiple statuses under the FDCPA, it is necessarily a debt collector here. Plaintiffs explicitly defined BANA as an "originator", and the mortgage is clear as to BANA serving as the originating lender. Therefore, BANA is exempt from liability under the FDCPA and Count Seven is accordingly dismissed with prejudice.[6]

---

[6] [I]f a complaint is subject to a Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile. *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008). Here, an amendment would be futile in light of the Court's finding that BANA is exempt from FDCPA as an originator. The parties' contractual relationship cannot be amended to indicate BANA is *not* the originating lender of the mortgage. Therefore, allowing leave to amend is futile.

**IV. Conclusion**

For the foregoing reasons, Defendant BANA's Motion to Dismiss Count Six is GRANTED *without prejudice* and Count Seven is GRANTED *with prejudice*. Additionally, the Court grants Plaintiffs leave to amend—consistent with this Opinion—within thirty days.

<u>*s/Esther Salas*</u><br>
**Esther Salas, U.S.D.J.**