**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **ESTATE OF ERROL DYER, DECEASED, and FAY DYER,** | **Civ. No. 13-738 (ES)** |
| **Plaintiffs *Pro Se*,** | |
| **v.** | **REPORT AND RECOMMENDATION** |
| **GREGORY "JACQUES" STANISLAUS JR., ET AL.,** | |
| **Defendants.** | |

**HAMMER, United States Magistrate Judge**

This matter comes before the Court on this Court's October 27, 2015 Order to Show Cause why Plaintiffs', the Estate of Errol Dyer, deceased, and Fay Dyer ("Plaintiffs"), Complaint should not be dismissed for failure to prosecute. D.E. 95. Plaintiff failed to file a response to the Order to Show Cause. Pursuant to Federal Rule of Civil Procedure 78, the Undersigned did not hear oral argument and has considered this matter on the papers. For the reasons below, the Court respectfully recommends that the District Court dismiss Plaintiff's Complaint with prejudice.

## I. BACKGROUND

Plaintiffs Fay and Errol Dyer filed the instant Complaint against Gregory "Jacques" Stanislaus, Jr., Bank of America, N.A. ("BOA"), and Sebastian Broniarcyzk on February 6, 2013. D.E. 1. Defendants Stanislaus, Jr. and Broniarcyzk have not filed Answers or otherwise responded to Plaintiff's Complaint. On April 22, 2013, Defendant BOA filed a motion to dismiss. On December 30, 2013, BOA's motion was granted, and the two of the nine counts

alleged in Plaintiffs' Complaint that concerned BOA were dismissed. See Order, Dec. 30, 2013, D.E. 48.

On January 4, 2014, one of the original Plaintiffs, Errol Dyer, died. See Ltr. from Counsel for Pl., Apr. 3, 2014, D.E. 69. Plaintiffs subsequently filed an Amended Complaint on January 29, 2014 [D.E. 51], and on April 2, 2014, a substitution of attorney was filed, whereby Piekarsky & Associates, LLC began representing Plaintiff Fay Dyer [D.E. 68].

On May 20, 2015, Plaintiffs' attorney filed a motion to be relieved as counsel [D.E. 86]. Plaintiffs' counsel certified that he made numerous attempts to call and write to Plaintiff, all of which were unsuccessful. Certification of Mark R. Faro, Esq. ("Faro Cert.") in Supp. of Mot. to be Relieved as Counsel ¶ 14, May 20, 2015, D.E. 86-1. The Court scheduled oral argument on the motion to withdraw for July 13, 2015, and ordered that Plaintiff Fay Dyer must attend the hearing in person. Order, May 27, 2015, D.E. 87. The Court further ordered that "[f]ailure to appear may result in the issuance of an Order to Show Cause as to why this matter should not be dismissed for failure to prosecute, pursuant to Federal Rule of Civil Procedure 41." Id.

Plaintiff failed to appear at the hearing, despite being ordered to do so. Therefore, on August 10, 2015, the Court granted counsel's motion to withdraw [D.E. 86], and further ordered that "by **September 11, 2015**, Plaintiff shall inform the Court of either: (i) the identity of her new attorney, who by **September 11, 2015**, shall enter an appearance via CM/ECF, and register to become an e-filer; or (ii) that Plaintiff intends to litigate this matter pro se[.]" Order, Aug. 11, 2015, D.E. 94 (emphasis in original). The Court again emphasized that "failure to comply may result in the issuance of an Order to Show Cause why this case should not be dismissed under Federal Rule of Civil Procedure 41[.]" Id.

Plaintiff failed to respond to the Court's August 11, 2015 Order.  Accordingly, on October 27, 2015, the Court issued an Order to Show Cause that "no later than **November 23, 2015**, Plaintiff shall submit a letter showing cause why the complaint should not be dismissed as a result of Plaintiff's failure to prosecute this action; and it is further **ORDERED** that failure to respond will result in recommendation that the United States District Judge dismiss the case for failure to prosecute under Fed. R. Civ. P. 41." Order to Show Cause, Oct. 27, 2015, D.E. 95. Plaintiff has failed to respond to the Order to Show Cause.

## II. LEGAL ANALYSIS

### A. Standards for Dismiss under Federal Rule of Civil Procedure 41(b)

Dismissal of a Plaintiff's complaint may be appropriate under Federal Rule of Civil Procedure 41(b) "if the plaintiff fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b).  In *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863 (3d Cir. 1984), the United States Court of Appeals for the Third Circuit provided the factors that this Court must weigh in determining whether to dismiss a complaint pursuant to Fed. R. Civ. P. 41(b). Specifically, the Court must consider six factors in deciding whether the sanction of dismissal is appropriate: (1) the extent of the party's personal responsibility, (2) prejudice to the adversary, (3) history of dilatoriness, (4) willful or bad faith conduct of an attorney, (5) alternative sanctions, and (6) meritoriousness of the claim or defense.  *Poulis*, 747 F.2d at 868; *Emerson v. Thiel College*, 296 F.3d 184, 190 3d Cir. 2002) (applying *Poulis* factors).  No single *Poulis* factor is dispositive, and dismissal may be appropriate even if some of the factors are not met. *Hovey v. LaFarge North America Inc.*, Civ. No. 07-2193, 2008 WL 305701, *2 (D.N.J. Jan. 29, 2008) (citing *Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992)).  *See also Rosado v. Adams*,

Civ. No. 07-1914, 2009 WL 1181217, *1-3 (M.D. Pa. April 30, 2009) (applying *Poulis* analysis to dismissal for failure to prosecute under Fed. R. Civ. P. 41(b)); *Vrlaku v. Citibank*, Civ. No. 05-1720, 2005 WL 2338852, *2-3 (D.N.J. Sept. 23, 2005) (same, and noting that "[a] Court may raise a motion to dismiss an action under Rule 41 sua sponte under its inherent case management powers."). *See also ODTA Systems LLC v. Daewood Electronics America*, 483 F. Supp. 2d 400, 404 (D.N.J. 2007) ("Failure to prosecute does not require that a party take affirmative steps to delay the case. A failure to comply with court orders, failure to respond to discovery or other failure to act is sufficient to constitute lack of prosecution.") (citations omitted). While not all these factors necessarily apply in every case, the Court is obligated to consider any factors that do apply.

**i. The extent of the party's personal responsibility**

In the instant case, Plaintiff has failed to appear for a hearing, or respond to several Court Orders. As a result, this case has been brought to a virtual standstill with no indication that Plaintiff intends to continue to prosecute his claims. Further, in support of his motion to withdraw, Plaintiff's previous counsel certified that he had continued to try to reach Ms. Dyer to no avail, and that her address is now listed in the Country of Jamaica. Faro Cert. ¶¶ 3, 6, Aug. 4, 2015, D.E. 89. However, even this information is, at best, vague. Moreover, the record indicates that Plaintiff has made no effort to communicate a new address or contact information, to inform the Court that she wishes to continue to prosecute this case, or that she seeks more time to find new counsel. Accordingly, the Undersigned can only conclude that Plaintiff does not intend to further litigate her claims and has willfully chosen to abandon her suit.

The Court recognizes that as a *pro se* litigant, Plaintiff is not represented by counsel and may encounter challenges that a represented party would not face. However, at the same time Plaintiff cannot contend that her failure to prosecute this matter is the fault of her counsel. *See*, e.g., *Clarke v. Nicholson*, 153 Fed. Appx. 69, 73 (3d Cir. 2005), *cert. denied*, 548 U.S. 907 (2006) ("[U]nlike a situation in which a dismissal is predicated upon an attorney's error, the plaintiff here was *pro se* and directly responsible for her actions and inaction in the litigation."). Moreover, the record reflects that Plaintiff's failure to prosecute is not the result of her inability to comprehend or address a highly complicated or technical legal issue; it is the result of Plaintiff's failure to take basic action necessary to prosecute her claims, such as appearing for a hearing, and responding to Court Orders or explaining her inability to do so. In any event, a *pro se* plaintiff is solely responsible for prosecuting their case. *Briscoe v. Klaus*, 538 F.3d 252, 258-59 (3d Cir. 2008) (citations omitted).

Accordingly, the first *Poulis* factor weighs in favor of dismissal.

**ii. Prejudice to the Adversary**

The Court must next consider whether Plaintiff's failure to prosecute this litigation has prejudiced her adversaries. Prejudice is not limited to irreparable harm, but may include depriving a party of necessary information or the ability to prepare for trial. *Clarke*, 153 Fed. Appx. at 73 (citing *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 222-24 (3d Cir. 2003) (finding that plaintiff's delay and failure to comply with discovery requests prejudiced defendant); *Porten v. Auto Zone*, Civ. No. 10-2629, 2011 WL 2038742, *2 (D.N.J. May 24, 2011) (relying on *Clarke* and *Ware* to find prejudice to defendant and grant dismissal motion where plaintiff apparently abandoned claims).

In this case, Defendant Sebastian Broniarczyk has not filed an Answer, and while Defendant Gregory "Jacques" Stanislaus, Jr., filed an Answer on March 16, 2013, he subsequently filed a Chapter 7 bankruptcy petition on February 19, 2014. See Ltr., Feb. 25, 2014, D.E. 61. Defendant BOA has filed two motions to dismiss in lieu of an Answer [D.E. 20, 64], the last of which was administratively terminated by the Court on October 3, 2014 while the parties engaged in settlement negotiations [D.E. 77]. Plaintiff's previous counsel certified that Plaintiff and BOA had come to an agreement in principle to settle this action. Faro Cert. ¶ 12-13, D.E. 86-1.

Accordingly, this *Poulis* factor neither favors nor disfavors dismissal of Plaintiff's claims.

**iii. History of Dilatoriness and Bad Faith**

The third and fourth *Poulis* factors require the Court to consider the extent and history of Plaintiff's dilatoriness and whether he has acted in bad faith. Clearly, since approximately May, Plaintiff has, by all appearances, abandoned prosecution of this matter. However, Plaintiff litigated this matter vigorously until that time, through counsel, even filing an Amended Complaint and filing a motion for discovery. Under other circumstances, Plaintiff's earlier compliance with the Court's Orders might not favor dismissal, at least with prejudice. For example, had Plaintiff's record of non-compliance over the past five months not been so complete, or had the period of non-compliance been shorter, this factor might not weigh in Defendants' favor. But the record before the Court establishes that for five months, Plaintiff has made no effort to comply with her obligations in prosecuting these claims or to explain to the Court and counsel her inability to do so, or to respond to her counsel's efforts to contact her.

Therefore, the Court must conclude on the record before it that Plaintiff's failure to comply with its orders was willful and that she has chosen not to pursue her claims. *Porten*, 2011 WL 2038742, *2. Accordingly, this factor favors dismissal of Plaintiff's claims.

**iv. Alternative Sanctions**

This factor also favors dismissal, for several reasons. First, Plaintiff's failure to comply with the Court's orders or explain her inability to do so strongly suggests that Plaintiff has abandoned her claims. *Porten*, 2011 WL 2038742, *3. Second, the United States Court of Appeals for the Third Circuit has recognized that monetary sanctions such as fines, costs, and attorneys' fees may be inappropriate or impractical in certain situations, such as when plaintiff is proceeding *pro se*. *Emerson v. Thiel College*, 296 F.3d 184, 191 (3d Cir. 2002).

**v. Meritoriousness of the Claim or Defense**

Finally, the Court must consider the merits of Plaintiff's claims and Defendant's defenses. However, the Court cannot adequately assess this factor due to Plaintiff's failure to comply with Court orders or Defendants' failure to file an Answer to Plaintiff's Complaint. *Porten*, 2011 WL 2038742, *3 (citing *Devito v. C.M.S. Dep't*, Civ. No. 05-3438, 2006 WL 756014, *3 (D.N.J. March 17, 2006)).

**III. CONCLUSION**

On balance, each of the pertinent *Poulis* factors weighs in favor of dismissal. Therefore, the Undersigned respectfully recommends that the District Court dismiss Plaintiff's Complaint with prejudice for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

The parties have fourteen days to file and serve objections to this Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 7.1(c)(2).

                                          s/ Michael A. Hammer
                                          UNITED STATES MAGISTRATE JUDGE

Date: December 2, 2015